OPINION OF THE COURT
Vito M. DeStefano, J.
*760 In this holdover proceeding, the petitioner seeks a judgment of possession and warrant of eviction against the respondents on a claim of nuisance arising out of an alleged criminal act committed by respondent Johnson against petitioner’s employee. According to the notice to terminate tenancy, respondent Johnson “was arrested for chasing and assaulting Kevin Cooke ... by striking him in the head with a wrench causing a laceration to his head.”
Respondents Newbern and Johnson each move separately to dismiss the petition. Respondent Newbern seeks dismissal on the ground that the notice to terminate alleges only a single, wrongful act on the part of respondent Johnson, which, she argues, cannot support a claim of nuisance. Respondent Newbern further argues that her tenancy cannot be terminated based on the conduct of respondent Johnson.
Respondent Johnson seeks dismissal of the petition on the basis that the petitioner failed to serve a notice to cure as required by section 2504.1 (d) (1) of the Emergency Tenant Protection Regulations (9 NYCRR [ETPR]).
In opposition, the petitioner argues that respondent Johnson’s alleged assault constituted a nuisance, thus providing a basis to terminate the respondents’ tenancy. Petitioner also argues that, under section 2504.1 (d) (2) of the ETPR, no notice to cure is required where the wrongful act is not, by its nature, curable.
The respondents’ motion(s) are granted.
Pursuant to Emergency Tenant Protection Regulations (9 NYCRR) § 2504.3 (b), the notice to terminate a tenancy must set forth, inter alia, the grounds for termination and the facts necessary to establish the existence of such grounds. Nuisance is a specifically delineated ground for terminating a tenancy. (9 NYCRR 2504.2 [b].)
Generally, a claim of nuisance will lie only where there is a continuous invasion of rights that interfere with the peaceful use and enjoyment of the land by others (e.g., Nussbaum v Lacopo, 27 NY2d 311 [1970]).
While this court does not agree with respondent Newbern that a single act, particularly a violent one, cannot constitute a nuisance or otherwise provide a basis to terminate a tenancy (e.g., 160 W. 118th St. Corp. v Gray, 7 Misc 3d 1016[A], 2004 NY Slip Op 51881[U] [Civ Ct, NY County 2004] [shooting in apartment may support nuisance claim]), here, the wrongful act complained of, as described in the notice to terminate, does not rise to the level necessary to form the basis of a nuisance claim.
*761 In this regard, the notice states only conclusory and vague allegations that respondent Johnson was arrested for assault. It does not provide any details regarding the factual circumstances underlying the alleged assault. Nor does it contain a statement from the petitioner’s employee or a copy of any criminal pleadings that might have been filed against respondent Johnson. Lastly, there is no factual allegation concerning the seriousness of the injuries allegedly sustained by the petitioner’s employee.
In short, the notice to terminate failed to set forth an adequate basis to terminate the tenancy. Therefore, it is unnecessary to consider respondent Johnson’s notice to cure argument.
The court also notes that as against respondent Newbern, even if the notice was not defective, the petition would be dismissed insofar as asserted against her because respondent Johnson’s alleged actions could not, under the circumstances, be imputed to her.
The petition is dismissed.